Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2103 Montrose Avenue, Suite D
Montrose, Ca. 91020

TEL. [818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff Joe Alamo Jr.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ALAMO JR., an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>KEYLEX, INC. dba KEYES LEXUS, a business entity, form unknown; EQUIFAX INFORMATION SERVICES, LLC., is a business entity, form unknown; EXPERIAN INFORMATION SOLUTIONS INC., is a business entity, TRANSUNIUON LLC, a business entity, form unknown and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES:<br><br>1. VIOLATION OF THE FAIR CREDIT REPORTING ACT.<br>2. VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT.<br>3. INVASION OF PRIVACY.<br>4. VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200.<br><br>**JURY TRIAL DEMANDED.** |

Plaintiff alleges:

1. Plaintiff JOE ALAMO JR. (“Plaintiff”) is a resident of the County of Los Angeles, State of California.

2. Defendant KEYLEX, INC. dba KEYES LEXUS (“KEYES LEXUS”) is a corporation doing business in the State of California, County of Los Angeles.

3. Defendants, EXPERIAN INFORMATION SOLUTIONS INC. ("EXPERIAN"), EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"), and TRANSUNION LLC ("TRANSUNION") are business entities, forms unknown, doing business in the State of California as credit bureaus which receive negative credit information about consumers and which then publish such information in credit reports available to its subscribers. Collectively, these defendants will be referred to as "credit bureau defendants" or "credit agency defendants".

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 1-10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted with oppression, fraud or malice with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are in California Civil Code Section 3294(b), by each and every other Defendant herein used, whether named or fictitiously named.

///

**FIRST CAUSE OF ACTION**

**[VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST KEYES LEXUS, EXPERIAN, EQUIFAX, TRANSUNION AND DOES 1-10, INCLUSIVE]**

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. KEYES LEXUS is a "furnisher" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act. TRANSUNION, EXPERIAN and EQUIFAX are "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about March 18, 2016, Plaintiff visited KEYES LEXUS in order to purchase a reliable used vehicle. Mr. Alamo negotiated the purchase of a 2014 Mercedes-Benz with a trade-in credit of $7,500 for a 2006 Mercedes Benz. When Plaintiff discovered he was not given the terms he had negotiated, he canceled his deposit check. KEYES LEXUS, desperate to make a sale repeatedly ran Mr. Alamo's credit. Later, in retaliation, KEYES LEXUS continued to run Plaintiffs credit in excess of five (5) to seven (7) times.

9. On February 3, 2017, Defendant EXPERIAN reported approximately 16 unauthorized inquiries on Plaintiff's credit report.

10. On May 11, 2017, Defendant EXPERIAN reported 14 unauthorized inquiries. Eight (8) of which were initiated on March 18, 2016. Some were done several months after the initial transaction at KEYES LEXUS.

11. On June 19, 2016 Defendant TRANSUNION reported approximately five (5) impermissible pulls.

12. On May 11, 2017 Defendant TRANSUNION reported approximately five (5) impermissible pull on March 18, 2016.

13. On August 16, EQUIFAX reported one impermissible pull dated May 11, 2016, by Toyota Motor Credit, believed to be initialed by KEYES LEXUS. This was three (3) months after the initial purchase at KEYES LEXUS.

14. Defendant KEYES LEXUS proceeded to pull Plaintiff's credit report without the required authorizations, in the instance of EXPERIAN, which was reporting inquiries as late as October 2016. This should be considered unauthorized and a severely excessive conduct. Defendants TRANSUNION, EXPERIAN and EQUIFAX published Plaintiffs credit report to third parties without reasonable procedures to assure maximum possible accuracy.

15. Defendant KEYES LEXUS' conduct willfully, through the use of false pretenses, pulled Plaintiff's credit report without any permissible purpose in violation of the Fair Credit Reporting Act, Sections 1681b and 1681q, on approximately 14 times.

16. Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act, by willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

17. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

18. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of impermissible pulls, which lowers consumer creditworthiness.

Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the information is inaccurate and causes them to pay higher interest or be denied credit at favorable rates. These defendants know that their systems intimidate consumers so they'll pay higher interest rates even if not warranted. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

19. As alleged in the previous cause of action, Defendants' conduct was fraudulent, malicious, oppressive and willful, rendering them liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §1681(n) and §1681(o).

20. Plaintiff is entitled to recover costs and attorney fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n) and §1681(o).

***Spokeo Concreteness Allegations:*** the sanctity and privacy of consumer credit reports is specifically protected by the Fair Credit Reporting Act, and violations of the cited sections have been identified by Congress and by the courts as concrete injuries. Further, defendants' conduct has caused Plaintiff emotional distress, humiliation and embarrassment, and apprehension that his most private financial information is now in the hands of persons he does not know and has never authorized to have his credit information. Finally, "hard inquiries" routinely depress credit scores from 5 to 50 points, depending on the credit scoring model, thereby depressing Plaintiff's ability to obtain credit and also making his credit score more vulnerable to future adverse credit events.

///

///

///

///

**SECOND CAUSE OF ACTION**

**[VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST KEYES LEXUS AND DOES 1-10, INCLUSIVE]**

21. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

22. Within two years prior to the filing of the complaint in this action, defendants KEYES LEXUS and DOES 1-10, Inclusive, both willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

23. By willfully and negligently pulling Plaintiff's credit without his knowledge or authorization up to 8 times in one day and continuing to pull his credit several months later, which Defendants KEYES LEXUS and DOES 1-10, Inclusive knew, or should have known, was excessive and detrimental to Plaintiff.

24. Each of the Defendants KEYES LEXUS and DOES 1-10, Inclusive on several occasions willfully and negligently improperly obtained access to Plaintiff's credit file and knowingly misused his file data. In the entire course of their actions, Defendants, and each of them, willfully violated the provision of the Consumer Credit Reporting Agencies Act by pulling Plaintiff's credit report, excessively and repeatedly, without Plaintiff's permission and with no reasonable nor permissible purpose, with the result that completely unnecessary inquiries have been added to Plaintiffs' credit reports, to the detriment of his creditworthiness and inherent credit reputation.

25. As a proximate result of the willful and negligent actions of the Defendants KEYES LEXUS and DOES 1-10, Inclusive, and each of them, Plaintiff has suffered both general and special damages in an amount which will

be proven at time of trial. As provided under the cited laws, Plaintiff is entitled to actual damages, damage to credit reputation, pain and suffering, costs and attorney fees. Plaintiff is also entitled to punitive damages and statutory penalties for willful violations of the California Consumer Credit Reporting Agencies Act.

**THIRD CAUSE OF ACTION**

**[INVASION OF PRIVACY**

**AGAINST ALL DEFENDANTS]**

26. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

27. Defendants' intentional and deliberate conduct resulted in an unreasonable and unwarranted intrusion upon Plaintiff's right to seclusion concerning his private and confidential credit report and matters contained therein and thus constitutes an invasion of his privacy.

28. Defendants' conduct resulted in access to and publication of Plaintiff's private information which was highly offensive to Plaintiff, and the information accessed and published was not of legitimate concern to the defendants or to the persons to whom the information was published.

29. Defendants' conduct has caused Plaintiff severe emotional distress, embarrassment, mental anguish and humiliation, as well as a depressed credit score.

30. Defendants' conduct was undertaken with fraud, oppression and/or malice towards Plaintiff. Specifically, defendants, and each of them, obtained Plaintiff's private information, including his social security number, under false pretenses, and pulled plaintiff's credit report without his permission or consent on approximately 14 times. In addition to general and special damages according to proof, plaintiff seeks punitive damages against defendants KEYES LEXUS and

DOES 1-10, Inclusive.

**FOURTH CAUSE OF ACTION**

**[VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 AGAINST KEYES LEXUS]**

31. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

32. Plaintiff alleges that defendants' business model entails its salesman and personnel subjected to unrealistic high-pressure sales quotas, resulting in little or no compliance with the Fair Credit Reporting Act or other associated consumer protection provisions. Defendants' policies on pulling consumer credit reports upon any contact from a consumer, regardless of whether the consumer consents to such access or initiates a consumer credit transaction, are either non-existent or poorly enforced, given the high-pressure quotas being applied to dealership salesmen and personnel. The dealership salesmen and personnel themselves do not receive adequate training on FCRA compliance.

33. Defendants' business model seeks access to consumer credit reports to quickly and repeatedly assess which consumers can be sold their vehicles, as quickly as possible, so the salespersons can meet their unrealistic high-pressure sales quotas.

34. This pattern of potentially unauthorized access to consumer credit reports creates dangers for the consumers involved, including but not limited to unauthorized and fraudulent access in violation of the Fair Credit Reporting Act, depressed credit scores and invasions of consumer privacy.

35. Plaintiff seeks an assessment of attorney's fees and costs, in the discretion of the court, as well as restitution as the court may direct.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;

2. For punitive damages;

3. For statutory penalties against defendants for each separate violation of the Fair Debt Collection Practices Act;

4. For attorney's fees;

5. For costs of suit;

6. For such other relief as the court deems just and proper.

Dated: October __11___, 2017 LAW OFFICES OF ROBERT F. BRENNAN, A P.C.

By:_/s/ Robert F. Brennan_________
Robert F. Brennan
Attorney for Plaintiff